UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANCARLO AVENDANO MARTINEZ, | Case No.: 26-cv-2328-JES-MSB |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT; AND CALIFORNIA CITY DETENTION CENTER, | **[ECF No. 1]** |
| Respondents. | |

Before the Court is Petitioner Giancarlo Avendano Martinez's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § ("Section") 2241 ("Petition"). ECF No. 1, ("Pet."). Petitioner seeks habeas relief as he alleges that, on January 19, 2026, he was racially profiled by local law enforcement, who pulled him over while driving a vehicle. *Id*. at 7. Thereafter, he was detained by immigration officials, who has denied him a bond hearing, *Id.* at 6.

//

//

1

The Court notes several curable issues with the *pro se* drafted Petition, but one fatal error requires its dismissal.

For Section 2241 habeas cases, "jurisdiction lies in only one district: the district of confinement." *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also Lopez-Marroquin v. Barr*, 955 F. 3d 759, 759-60 (9th Cir. 2020) (applying the district of confinement rule to a Section 2241 petition involving a non-citizen's challenge to his immigration detention). And notably, the proper respondent for petition brought under Section 2241, is the warden of the facility where the detainee is being held. *Id*. at 1197.

This action was filed in the Southern District of California by *pro se* Petitioner who named Immigration and Customs Enforcement and California City Detention Center ("CCDC") as its Respondents. Pet. at 1. Petitioner did not name the Warden of CCDC as a Respondent, and therefore, failed to name his immediate custodian. Further, at the time this action was filed, Petitioner was confined in the California City Detention Center, which is located in the Eastern District of California. *See id.* at 1. The Petition was, thus, filed outside the district in which Petitioner is confined. These circumstances lead the Court to find that it lacks jurisdiction over this Petition. *See Doe*, 109 F.4th at 1198.

The Court recognizes that other courts have acknowledged this technical defect, but did not dismiss the petition, particularly where a *pro se* litigant is involved. *See Herrera-Ramirez v. United States*, No. 2:25-CV-01749-MMD-EJY, 2025 WL 3239043 (D. Nev. Nov. 19, 2025). It also notes courts have even transferred petitions that were filed in the wrong district and did not name the warden, because dismissing such cases, would merely delay and unduly burden the petitioners. *See e.g., Singh v. Field Off. Dir., San Francisco Field Off., United States Immigr. & Customs Enf't*, No. 24-CV-03472-RMI, 2024 WL 4454824, at *1 (N.D. Cal. Sept. 9, 2024). The Court, however, cannot follow the lead of these courts because this Petition was not signed and verified. *See* Pet. at 8-9.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that petitioner signs and verifies their petition for writ of habeas corpus.

26-cv-2328-JES-MSB

*See* Rule 2, 28 U.S.C. § 2254 (requiring petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"); *Id.* § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").

Here, Petitioner did not sign or verify the Petition. Thus, the Petition cannot be transferred to the Eastern District of California and must be dismissed. *Dixon v. Clark*, 714 F. Supp. 2d 1029, 1034 (C.D. Cal. 2010).

For the reasons discussed above:

(1) Petitioner's writ of habeas corpus is **<u>DISMISSED without Prejudice;</u>**

(2) Petitioner **MAY FILE** a new petition, in the appropriate district, but must sign, verify, and date that petition;

(3) The Clerk of Court **SHALL** mail to Petitioner the Eastern District's habeas corpus form; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 24, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge